UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: MICHAEL MARK MULHOLLAND and　　　　　　　No. 7-10-14587 JR
　　　　PATRICIA MARY MULHOLLAND,

Debtors.

## ORDER GRANTING MOTION TO AVOID JUDICIAL LIEN BASED ON STIPULATION OF FACTS

THIS MATTER is before the Court on the Motion to Avoid Judicial Lien on Real Estate ("Motion") filed by the Debtors, Michael Mark Mulholland and Patricia Mary Mulholland, by and through their attorney of record, Charles E. Hawthorne. *See* Docket No. 27. The Motion seeks to avoid a judicial lien filed by The Ray Bishop Estate and Patricia Bishop (together, the "Bishops") against the Debtors' real property. The Debtors assert that the Bishops' lien is subject to avoidance under 11 U.S.C. § 522(f) because it impairs the Debtors' homestead exemption.

The Bishops, by and through their attorney of record, Richard Hawthorne, filed an objection to the Motion, asserting that, because the Bishops had filed a complaint objecting to the Debtors' discharge, the Court should either deny the Motion or hold the motion in abeyance pending the resolution of the adversary proceeding to deny the Debtors' discharge. *See* Docket No. 29. Following an evidentiary hearing on the merits of the adversary proceeding, the Court denied the Debtors' discharge. *See* Adversary Proceeding No. 10-1154. Thereafter, the parties agreed to submit stipulated facts from which the Court could resolve the pending Motion. *See* Docket No. 50. On February 6, 2012, the parties submitted a Stipulation of Facts. *See* Docket No. 54. Based on the Stipulation of Facts, the Court concludes that the Bishops' judicial lien may be avoided under 11 U.S.C. § 522(f).

The Stipulation of Facts includes the following relevant facts necessary to determine the Motion:

1. The Debtors filed a voluntary petition under Chapter7 of the Bankruptcy Code on September 8, 2010.

2. The Debtors claimed a homestead exemption in the amount of $120,000.00 in their homestead located at 1 Mulholland Lane, Alto, New Mexico (the "Property").

3. The Debtors owned and occupied the Property as their residence on the petition date.

4. No party objected to the Debtors' claim of homestead exemption.

5. As of the petition date, Lending Tree held a mortgage lien against the Property in the amount of $221,938.12 as of January 28, 2011.

6. The Bishops recorded a judicial lien against the Property on November 5, 2009.

7. The fair market value of the Property as of the date of the petition is $254,000.00

8. The Bishops commenced an adversary proceeding objecting to the discharge of the Debtors under 11 U.S.C. § 727.

The parties also stipulated that "[a] determination has been made in that adversary proceeding regarding whether [the Debtors] will receive a discharge." *See* Stipulation of Facts, ¶ 8. Based on that stipulation, the Court finds that the Debtors' discharge was denied. *See* Adversary Proceeding No. 11-1154 - Docket No. 24.

## DISCUSSION

Pursuant to 11 U.S.C. § 522(f), a debtor may avoid a judicial lien to the extent that the lien impairs the debtor's homestead exemption. The stipulated facts establish that the lien at

issue is a judicial lien subject to avoidance under 11 U.S.C. § 522(f).[1] Impairment is determined in accordance with the formula set out in 11 U.S.C. § 522(f)(2)(A), which provides:

> [A] lien shall be considered to impair an exemption to the extent that the sum of—
> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.
>
> 11 U.S.C. § 522(f)(2)(A).

The amount of the liens and the value of the property are to be determined as of the petition date for purposes of applying 11 U.S.C. § 522(f).[2]

Here, the stipulated facts are that Lending Tree's mortgage lien was $221,938.12 as of January 28, 2011, and that the fair market value of the Property as of the petition date was 254,000.00. The petition date was September 8, 2010. Because January 28, 2011 is *after* the petition date and there is no evidence of a post-petition pay down of the note secured by the mortgage, the Court will presume that the amount of Lending Tree's outstanding mortgage lien was not less than $221,938.12 as of the petition date. Application of these stipulated facts to the formula found in 11 U.S.C. § 522(f)(2)(A) yields the following result: the amount of the mortgage ($221,938.12) plus the amount of the exemption that the Debtors could claim if there were no liens on the Property ($120,000.00) exceeds the total value of the Property as of the

---

[1] Section 522(f)(1) applies to judicial liens:
> . . . the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled . . . if such lien is –
> (A) a judicial lien, other than a judicial lien that secures a debtor of a kind that is specified in section 523(a)(5)[.]
> 11 U.S.C. § 522(f)(1)(A).

[2] *See In re Powell,* 399 B.R. 190, 198 (Bankr.W.D.Tex. 2008)(stating that "'[t]he petition date is the operative date to make all § 522(f) determinations,' so that the value of the liens, the value of the property and the amount of the exemption are all measured as of the date of the filing of the petition.")(quoting *In re Salanoa,* 263 B.R. 120, 123 (Bankr.S.D.Cal. 2001)(remaining citation omitted); *In re Hall,* 327 B.R. 424, 427 (Bankr.W.D.Mo. 2005)(stating that "the appropriate time for determining the value of the property subject to a lien which the Debtors seek to avoid under § 522(f) is the date on which the petition was filed.")(citation omitted).

petition date ($254,000), by more than $87,000.00.[3]  Thus, even though the parties did not stipulate as to the amount of the Bishops' judicial lien, the Bishops' judicial lien necessarily impairs the Debtors' homestead exemption.[4]  Consequently, the Debtors are entitled to avoid the Bishops' judicial lien.

The Bishops' argument that the denial of the Debtors' discharge prevents the Debtors from avoiding their judicial lien is unavailing.  In *In re Allen,* 217 B.R. 945 (Bankr.M.D.Fla. 1998) a judgment creditor objected to the debtor's motion to avoid lien, arguing that the prior denial of the debtor's discharge precluded the debtor from avoiding the creditor's lien.  The *Allen* court held that the debtor was entitled to avoid a judicial lien under 11 U.S.C. § 522, even if the debtor's discharge has been denied, reasoning, in part, that the language of 11 U.S.C. § 522(f) does not include a requirement that the debtor receive a discharge in order to obtain lien avoidance.  *Allen,* 217 B.R. at 950.  The *Allen* court reasoned further that allowing a debtor to avoid a lien despite having been denied a discharge "does not produce a result inconsistent with the policies underlying the Bankruptcy Code" because "protection of the fresh start is not the exclusive goal of § 522(f)."  *Id.*[5]  The additional goal of protecting a debtor's exemptions can be accomplished regardless of whether the debtor receives a discharge.  *Id.*[6]  This Court agrees.

A debtor's ability to avoid a judicial lien consistent with the requirements of 11 U.S.C. § 522(f) "is not dependent upon the debtor receiving a discharge, and consequently, the denial of a

---

[3] $221,938.12 + 120,000.00 = $341,938.12.  $341,938.12 - $254,000 (FMV of the Property) = $87,938.12.
[4] *Cf. In re Gregory Rockhouse Ranch,* 380 B.R. 258, 265 (Bankr.D.N.M. 2007)(explaining that the calculation under 11 U.S.C. § 522(f) is "made by adding the amount of the homestead exemption, the judgment lien, and the balance of the debt secured by other liens, and avoiding the lien to the extent the sum exceeds the value of the property.")(citing *In re Pepper,* 210 B.R. 480,485 (Bankr.D.Colo. 1997)).
[5] *Allen* also cites several cases that similarly hold with regard to avoidance of judicial liens even when the specific debt underlying the judicial lien is excepted from the debtor's discharge under 11 U.S.C. § 523. *Allen,* 217 B.R. at 949 (collecting cases).  *Cf. In re Vaughan,* 311 B.R. 573 (10th Cir. BAP 2004), *aff'd,* 241 Fed.Appx. 478 (10th Cir. 2007)(unpublished)(holding that the debtors could avoid, on exemption impairment grounds, a judicial lien relating to a debt the bankruptcy court determined was non-dischargeable, even though the lien was recorded post-petition).
[6] *See also, Vaughan,* 311 B.R. at 579 (observing that "[t]he fact that Section 522(c) expressly excepts a few debts that are nondischargeable under Section 523, but makes no mention of the others, evidences Congressional intent to insulate exempt property from most nondischargeable debts.").

debtor's discharge does not bar the debtor from avoiding a lien pursuant to § 522(f)." *Allen,* 217 B.R. at 949. The Bishops' judicial lien is, therefore, subject to avoidance, even though the denial of the Debtors' discharge permits the Bishops to resume collection efforts to realize their debt against the Debtors following the closing of the Debtors' bankruptcy case.

WHEREFORE, IT IS HEREBY ORDERED that the Motion is GRANTED. The Bishops' judicial lien, recorded in Book 2009, page 8527, in the Office of the County Clerk of Lincoln County, New Mexico, is avoided.

ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket:   February 23, 2012

COPY TO:

**Charles E Hawthorne**
Attorney for Debtors
900 Sudderth Dr
Ruidoso, NM 88345-7224

**Richard A Hawthorne**
Attorney for the Estate of Ray Bishop and Patricia Bishop
1221 Mechem Dr Ste 2
Ruidoso, NM 88345-7224